

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1422 | **DATE** | 6/20/2001 |
| **CASE TITLE** | Deveaux et al vs. Vallas et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by agreement/pursuant to]
     ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** Defendants' motion (Doc 4-1) to dismiss is granted. The complaint is dismissed in its entirety. All other pending motions are moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JUN 2 1 2001 date docketed | |
| ✓ | Docketing to mail notices. | | 6 |
| ✓ | Mail AO 450 form. | 15 docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | 01 JUN 20 PM 4:59 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JUN 21 2001

LORRAINE DEVEAUX and )
LORINA DEVEAUX SMITH, )
)
        Plaintiffs, )
)
vs. ) No. 01 C 1422
)
PAUL G. VALLAS and CHICAGO )
BOARD OF EDUCATION, )
)
        Defendants. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on the motion of Defendants Board of Education of the City of Chicago ("Chicago Board") and Schools Superintendent Paul G. Vallas (collectively "Defendants") to dismiss the complaint of *pro se* Plaintiffs Lorraine Deveaux ("Deveaux") and her daughter Lorina Deveaux Smith ("Lorina"). For the reasons set forth below, Defendants' motion is granted.

## BACKGROUND

Lorraine Deveaux is the mother of Lorina Deveaux Smith, a student at Ray Elementary School ("Ray Elementary") in Chicago, Illinois. Ray Elementary is a public school operated by Defendant Board of Education of the City of Chicago.

Defendant Paul Vallas is the Chief Executive Officer of the Chicago Public Schools. Plaintiffs allege in their complaint that Defendants have failed to reasonably accommodate Lorina's physical disability in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, and have denied Lorina a free appropriate public education as guaranteed to her by the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1401 *et seq.* and Article 14 of the Illinois School Code, 105 ILCS 5 § 14-8.02.

Sometime in or around January 1999, Plaintiffs allege, Lorina developed an ankle impairment and as a result had difficulty walking without assistance. In response to Lorina's special needs, Deveaux met with representatives from Ray Elementary September 29, 1999 to create an Individualized Education Program ("IEP") which recommended interventions to increase Lorina's mobility. On November 24, 1999, the team reconvened, determined that Lorina was "learning disabled," and recommended that she attend another school where she would be able to receive special education services. Accordingly, a second IEP, to be implemented at the other location, was created on December 8, 1999.

When Deveaux refused to consent to placing Lorina at the other school, the Chicago Board filed a request for a due process hearing before the Illinois State Board of Education. By letter of December 20, 1999, Defendants notified Deveaux of the

Board's due process request. Included with the letter was a copy of a document entitled "Explanation of Procedural Safeguards Available to Parents of Children with Disabilities." The letter indicated that Lorina's placement would not be changed pending the administrative proceedings unless both school officials and Lorina's parents agreed otherwise.

On March 29, 2000, Deveaux and school officials entered into a Mediation Agreement (the "Agreement") pursuant to which Lorina was permitted to remain at Ray Elementary for a trial period of two weeks. During this time, Chicago School District #299 warranted that it would attempt to arrange bus transportation for Lorina. If during the trial period Lorina succeeded at moving around the school with her walker, the Agreement provided that the IEP team would meet to determine which related services were necessary for Lorina at Ray Elementary. If Lorina did not use the walker, Deveaux would consent to the provision of special education services, pursuant to the December 8, 1999, IEP, at another school. Since the parties were able to reach the Mediation Agreement, on June 14, 2000, the Chicago Board withdrew its request for a due process hearing.

It is unclear whether the terms of the Agreement were satisfied by either party and whether Lorina ultimately remained at Ray Elementary or was moved to the alternative school. Deveaux suggested at an early status hearing that Lorina had been

out of school entirely for the past year. In any event, it does not appear that Defendants reinstated their request for a due process hearing during this time, although they initially reserved the right to do so. Plaintiffs themselves never requested a due process hearing. Rather, they filed this action on February 28, 2001, seeking an independent education evaluation, compensatory damages, accessibility and related services for Lorina, and an injunction preventing her transfer to another school. Defendants have moved to dismiss the complaint, arguing that Plaintiffs failed to exhaust their administrative remedies before filing suit.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6)[1] of the Federal Rules of Civil Procedure tests whether the plaintiff has properly stated a claim for which relief may be granted. Pickrel v. City of Springfield, Ill., 45 F.3d 1115, 1118 (7th Cir. 1995). The purpose of a Rule 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to decide the merits of the case. Triad Associates, Inc. v. Chicago Hous. Auth., 892 F.2d 583, 586 (7th Cir. 1989). In ruling on a motion to dismiss, the court must construe the complaint's allegations in the light most favorable to the plaintiff, and all

---

[1] Although the conclusory paragraph of Defendants' motion references Rule 12(b)(1), that section is inapposite. Failure to exhaust administrative remedies is not a jurisdictional flaw. Gibson v. West, 201 F.3d 990, 993 (7th Cir. 2000); Charlie F. v. Board of Educ. of Skokie Schl. Dist. 68, 98 F.3d 989, 991 (7th Cir. 1996). We therefore treat Defendants' motion as a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6).

well-pleaded facts and allegations in the complaint must be accepted as true. Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993).

The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992). However, a pro se complaint is held to "less stringent standards than formal pleadings drafted by lawyers." Henderson v. Sheahan, 196 F.3d 839, 845 (7th Cir. 1999).

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court is limited to the allegations contained in the pleadings themselves. Documents incorporated by reference into the pleadings and documents attached to the pleading as exhibits are considered part of the pleadings for all purposes. See Fed. R. Civ. P. 10(c). "Documents that a defendant attaches to a motion to dismiss are considered a part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." Venture Associates Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993). We may also consider documents and facts included in a plaintiff's

response brief so long as they are consistent with the allegations in the complaint. Hentosh v. Herman M. Finch Univ., 167 F.3d 1170, 1173 n.3 (7th Cir. 1999).

## DISCUSSION

### I. Plaintiffs' IDEA Claim

Pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq., states can receive federal financial assistance as long as they provide disabled children with "a free appropriate public education that emphasizes special education and related services designed to meet their unique needs . . . [and] ensure[s] that the rights of children with disabilities and parents of such children are protected." 20 U.S.C. § 1400(d); Honig v. Doe, 484 U.S. 305, 309 (1988). To achieve these objectives, the IDEA's extensive system of procedural safeguards provides parents with the opportunity both to fully participate in all decisions concerning their child's education and to obtain administrative and judicial review of any decision with which they do not agree. Honig, 484 U.S. at 308.

Specifically, section 1415(b)(6) of the statute initially guarantees parents "an opportunity to present complaints with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." Once parents have filed a complaint, they are entitled to an "impartial due process hearing" conducted by a local or state

educational agency. § 1415(f). If they are dissatisfied with the decision rendered at the hearing, section 1415(g) provides them an opportunity to appeal to a state educational agency if the original hearing took place at the local or regional level. Finally, section 1415(i)(2) provides for a civil action, allowing "any party aggrieved by the findings and decision" of the state administrative hearing to bring such an action in "any State court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy."

## A. Plaintiffs Failed to Exhaust Administrative Remedies Required by the IDEA

In general, a plaintiff may not bring a federal lawsuit under the IDEA unless she first exhausts her state administrative remedies. 20 U.S.C. § 1415(i)(2); Family & Children's Center, Inc. v. School City of Mishawaka, 13 F.3d 1052, 1056 (7th Cir. 1994). The exhaustion doctrine allows the educational agency to apply its expertise, provides for the development of a complete factual record, and gives the agency the first opportunity to address problems in its educational programs for disabled students. See Learning Disabilities Ass'n of Maryland, Inc. v. Bd. of Educ. of Baltimore County, 837 F. Supp. 717, 722 (D. Md. 1993). Ultimately, the exhaustion requirement "promot[es] accuracy, efficiency, agency autonomy, and judicial economy." Christopher W. v. Portsmouth Sch. Comm., 877 F.2d 1089, 1094 (1st Cir. 1989) (citing

McKart v. United States, 395 U.S. 185, 194 (1969)); Ezratty v. Commonwealth of Puerto Rico, 648 F.2d 770, 774 (1st Cir. 1981)).

It is undisputed that Plaintiffs never filed a formal complaint or requested the impartial due process hearing to which they were entitled under § 1415 of the IDEA. They have therefore not met the exhaustion precondition to filing suit for violations of that statute. Moreover, as discussed below, the case does not fall under one of the recognized exceptions to the IDEA's exhaustion rule.

The exhaustion doctrine "is not to be applied inflexibly," and there are certain circumstances under which exhaustion may not be required. Christopher W., 877 F.2d at 1094 (quoting McGee v. United States, 402 U.S. 479, 483 (1971)). In particular, the Supreme Court has carved out an exception to the general rule where a plaintiff can show that the pursuit of administrative remedies would be futile or inadequate. See Honig v. Doe, 484 U.S. 305, 327, 108 S. Ct. 592 (1988); see also Heldman on Behalf of T.H. v. Sobol, 962 F.2d 148, 158 (2d Cir. 1992). Plaintiffs do not contend that exhaustion would be futile or inadequate. Rather, they argue that it is Defendants, not Plaintiffs, who should be held accountable for the failure to pursue administrative remedies. Specifically, Plaintiffs contend that, because Defendants were on notice of their opposition to the November 24, 1999, IEP, Defendants should not have proceeded

to implement it without first obtaining an independent finding that the IEP was adequate to meet Lorina's needs. This argument finds no support in the law.

The case cited by Plaintiffs, Grymes v. Madden, 672 F.2d 321, 322 (3d Cir. 1982), does not support their position. The court in Grymes merely upheld the district court's finding that the school district in question had failed to sustain its burden of proof at trial that an appropriate public program existed. It did not hold that the school district was under any obligation to initiate administrative due process proceedings prior to implementing an IEP. No case of which the Court is aware establishes such an obligation.

Similarly unfounded is Plaintiffs' contention that, pursuant to 20 U.S.C. § 1415, Defendants were required to keep Lorina at Ray Elementary until they obtained state-level administrative authorization to move her. Section 1415 (j) provides that students must not be moved from their current educational placement "during the pendency of any proceedings conducted pursuant to [§ 1415]." As discussed above, Plaintiffs failed to institute such proceedings, and the Chicago Board withdrew its due process request after the Mediation Agreement was signed. There is no evidence or allegation that Lorina was removed from Ray Elementary prior to this time.

Accordingly, we find that Plaintiffs have failed to exhaust their administrative remedies with respect to their IDEA claim. We also find that this case does not fall

under a recognized exception to the exhaustion rule. Accordingly, the motion to dismiss Plaintiffs' IDEA claim is granted.

## II. Plaintiffs' Remaining Claims

In addition to their IDEA claim, Plaintiffs allege that Defendants violated their rights under the Americans with Disabilities Act and Illinois School Code to obtain an appropriate education for Lorina. See 42 U.S.C. § 12101 et seq. Defendants contend that a party seeking relief available under the IDEA must use the Act's administrative remedy scheme, even if another statute is invoked. We agree.

In 1986, Congress added section 1415(l) to the IDEA:

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990, title V of the Rehabilitation Act of 1973, or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) of this section shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

The Seventh Circuit has interpreted this section to mean that "any pupil who wants 'relief that is available under' the IDEA must use the IDEA's administrative system, even if he invokes a different statute." Charlie F., 98 F.3d at 991. Because Plaintiffs' ADA and Illinois Schools Code claims are identical to their claim under the IDEA, this rule clearly requires them to pursue the administrative relief set forth in the IDEA

before litigating their other claims. As stated above, Plaintiffs have failed to exhaust their IDEA administrative remedies and cannot invoke an exception to the exhaustion requirement. As such, their ADA and Illinois School Code claims must be dismissed for failure to state a claim.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted. The complaint is dismissed in its entirety.

_____
Charles P. Kocoras
United States District Judge

Dated:  June 20, 2001